UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**DONNELL FLIPPIN**                                                                   **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 1:14-CV-P145-GNS**

**ERIC VAUGHN et al.**                                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This case was filed by Plaintiff, Donnell Flippin, a pretrial detainee at the Simpson County Detention Center, in state court. Defendants have removed the action to this Court. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF CLAIMS**

Plaintiff named as Defendants in their individual capacities Jailer Eric Vaughn, Deputy Jailer Brent Deweese, Major Tim Phillips, and Captain Troy Osheski. He asks for monetary and punitive damages.

Plaintiff states that he began his detention in the Simpson County Detention Center on July 11, 2014. According to his complaint, due to overcrowding, he was placed in administrative segregation "without any disciplinary reason or security concerns." He states that he has been denied his First Amendment right to attend church services because of his housing status. He also alleges that his Eighth Amendment rights have been violated because he is only allowed one hour of exercise per day. He asks for monetary and punitive damages and a declaratory judgment in his favor.

Defendants have moved the Court to conduct initial review (DN 2). That motion (DN 2) is **GRANTED**.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. The Sixth Circuit has stated that "it is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated [his] constitutional rights."

*Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). In *Thomas*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Id.* at 499. Plaintiff has no cause of action directly under the Constitution. Therefore, the Court construes Plaintiff's claims under the constitutional amendments as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208 (E.D. Tenn. 1996).

In order to state a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42 (1988).

### *Claim related to amount of exercise*

Although Plaintiff cites to the Eighth Amendment, the Cruel and Unusual Punishments Clause of that Amendment does not apply to pretrial detainees. A pretrial detainee's rights stem from the Fourteenth Amendment. *Thompson v. Cnty. of Medina, Oh.*, 29 F.3d 238, 242 (6th Cir. 1994). However, the scope of a detainee's Fourteenth Amendment rights is equivalent to that of a convicted inmate under the Eighth Amendment, and thus, the Court may look to Eighth Amendment caselaw. *See id.*; *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985).

To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), or that he has been deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[T]he

Constitution does not mandate comfortable prisons." *Id.* at 349. Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

However, prison officials bear a duty under the Eighth Amendment to provide "humane conditions of confinement," including adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. at 832. To prevail on a conditions-of-confinement claim, a detainee must plead and prove two elements, one objective and the other subjective. *Id.* First, he must show that the deprivation is one which, when viewed objectively, is sufficiently serious to warrant scrutiny under the Eighth Amendment. To meet this requirement, a detainee must demonstrate that the defendant's act or omission resulted in "the denial of 'the minimal civilized measure of life's necessities.'" *Id.* at 834 (quoting *Rhodes*, 452 U.S. at 347, 101). Second, the detainee must demonstrate that the defendant acted with deliberate indifference to the detainee's health or safety. *Id.* In order to satisfy this subjective element, the detainee must show that the defendant both knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 837. The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

With respect to the claim that Plaintiff is confined to his cell and afforded limited opportunity for exercise, the confinement of inmates to their cells for twenty-three hours a day does not violate the Eighth Amendment. *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003); *In re Long Term Admin. Segregation of Inmates Designated as Five Percenters*, 174 F.3d 464, 471 (4th Cir. 1999); *see also Bagetta v. Caruso*, No. 1:07-CV-289, 2007 WL 1577830, at *4 (W.D. Mich. May 30, 2007) (dismissing claim that inmates are confined to their cells on

4

weekdays, because "[t]he federal courts have held that similar and even longer periods of cell confinement do not violate the Eighth Amendment"). Thus, the Court finds that Plaintiff's claim related to the amount of exercise he receives fails to state a claim.

### *Claim related to being placed in segregation*

Plaintiff alleges that he was placed in segregation solely due to overcrowding. To determine whether segregation of an inmate from the general prison population involves the deprivation of a liberty interest protected by the Due Process Clause, the Court must determine if the segregation imposes an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). The Sixth Circuit Court of Appeals has repeatedly held that placement in administrative segregation does not constitute an atypical and significant hardship on the inmate. *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Plaintiff fails to state a claim with regard to being placed in segregation.

### *Claim related to not being allowed to attend church services*

The Court finds that Plaintiff has stated a claim related to not being allowed to attend church services under the First Amendment. A prisoner or detainee's right to free exercise of religion, as protected by the First Amendment, may be violated where he is not allowed to attend church services because he is in segregation. *See Arauz v. Bell*, 307 F. App'x 923, 928 (6th Cir. 2009).

The Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a), offers heightened statutory protection of the freedom of religion. Plaintiff's complaint makes no mention of RLUIPA. However, other circuits have held that it is error for a

5

district court not to consider a RLUIPA claim where a *pro se* Plaintiff has alleged a constitutional freedom of religion claim. *See Smith v. Johnson*, 202 F. App'x 547, 549 (3d Cir. 2006) ("We apply the relevant law, regardless of whether the pro se litigant has identified it by name"; noting that the Second and Tenth Circuits also have remanded to the district court for a determination under RLUIPA even where the RLUIPA was not alleged in the complaint). This Court will, therefore, consider whether Plaintiff has a claim under the RLUIPA as well.

Under the RLUIPA,

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. 2000cc-1(a). "The threshold inquiry under RLUIPA is whether the challenged governmental action substantially burdens the exercise of religion. The burden of proving the existence of a substantial interference with a religious exercise rests on the religious adherent." *Baranowski v. Hart*, 486 F.3d 112, 124 (5th Cir. 2007).

The Sixth Circuit held that RLUIPA does not permit money-damages claims against defendants in their individual capacities. *Haight v. Thompson*, 763 F.3d 554, 569-70 (6th Cir. 2014). As Plaintiff has sued Defendants in their individual capacities, he cannot bring a claim for monetary damages under RLUIPA. However, Plaintiff also asked for declaratory relief. The Court will allow a RLUIPA claim to proceed for equitable relief against Defendants.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court will allow Plaintiff's First Amendment claim and his RLUIPA claim for declaratory relief to go forward. A separate Scheduling Order will be entered to govern the development of those claims.

**IT IS ORDERED** that all of Plaintiff's other claims are **DISMISSED** for failure to state a claim.

Date: December 29, 2014

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4416.009